1 CAROLYN M. TRINH (SBN 254422)
ctrinh@orrick.com
2 ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
3 Los Angeles, CA 90017
Telephone: 213-629-2020
4 Facsimile: 213-612-2499

5 THOMAS H. ZELLERBACH (SBN 154557)
tzellerbach@orrick.com
6 JESSE Y. CHENG (SBN 259909)
jcheng@orrick.com
7 ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
8 Menlo Park, CA 94025
Telephone: 650-614-7400
9 Facsimile: 650-614-7401

10 Attorneys for Plaintiff,
MICROSOFT CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>EITAN ZVIELY, an individual, MEGAWEB.COM, INC., a Delaware corporation, INTERGO.COM, INC., a Delaware corporation, MEGAGO.COM, INC., a Delaware corporation, MEGASPIDER.COM, INC., a Delaware corporation, and USGO, Inc., a California corporation, and DOES 1 through 10, Defendants,<br><br>    Defendant.<br><br>MEGAWEB.COM, INC., a Delaware corporation,<br><br>    Counterclaimant,<br><br>  v.<br><br>MICROSOFT CORPORATION, a Washington corporation<br><br>    Counterdefendant. | Case No. CV10-02581 ABC (RZx)<br><br>**STIPULATED [PROPOSED] CONSENT DECREE AND PERMANENT INJUNCTION**<br><br><br>NOTE: CHANGES MADE BY THE COURT |

## [~~PROPOSED~~] CONSENT DECREE AND PERMANENT INJUNCTION

1. Plaintiff Microsoft Corporation ("Microsoft") filed this action on April 8, 2010. On February 17, 2011, Microsoft filed its First Amended Complaint, asserting that Defendants Eitan Zviely, Intergo.com, Inc., Megago.com, Inc., and MegaWeb.com, Inc., Megaspider.com, Inc., and USGO, Inc. (collectively, "Defendants") (Microsoft and Defendants collectively, "the Parties"), registered or directed the registration of Internet domain names set forth in Exhibit A, which Microsoft alleges consist of, incorporate, or are likely to be confused with Microsoft's "Hotmail" trademark. Microsoft asserts claims for violation of the Anti-Cybersquatting Consumer Protection Act, trademark infringement, unfair competition, and unjust enrichment.

2. The Parties have entered into a Settlement Agreement which provides for the entry of this Stipulated Consent Decree.

3. This Court has jurisdiction over the Lanham Act claims pursuant to 28 U.S.C. §§ 1331 and 1338 and supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. §1367.

4. Microsoft owns valid and existing trademark rights in the mark HOTMAIL, including United States Trademark Registration Nos. 2,165,601 (the "Hotmail Mark"). Microsoft's rights to the Hotmail Mark extend to using the Hotmail Mark for advertising and marketing services, namely, for promoting the goods and services of others by placing advertisements and promotional displays in an electronic site accessed through computer networks and by delivering advertisements and promotional materials to others via electronic mail.

5. Pursuant to Federal Rule of Civil Procedure 65(d), Defendants, together with their principals, officers, directors, agents, affiliates, employees and attorneys, and those in active concert or participation with each of them, shall be and are hereby PERMANENTLY RESTRAINED AND ENJOINED from:

    a. infringing Microsoft's tradenames, trademarks and service

-2-     STIPULATED [PROPOSED]CONSENT DECREE
CASE NO.: CV10-02581 ABC (RZx)

marks set forth on Exhibit A hereto (the "Microsoft Trademarks") or any other trademark or service mark of which Defendants actually know Microsoft claims ownership;

b. using Microsoft Trademarks or any other trademark or service mark of which Defendants actually know Microsoft claims ownership, or any version thereof, in connection with the description, marketing, promotion, advertising, or sale of products or services not associated with or approved by Microsoft;

c. registering, using, or trafficking in any domain names that are identical or confusingly similar to the Microsoft Trademarks, or any other trademark or service mark of which Defendants actually know Microsoft claims ownership, including but not limited to domain names containing the Microsoft Trademarks and domain names containing misspellings of the Microsoft Trademarks; and

d. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs 5.a. through 5.c. above.

6. This Court shall retain jurisdiction over the subject matter hereof and over Defendants to ensure compliance with this Consent Decree.

7. Any proceeding before this Court to enforce the terms of this Consent Decree shall be resolved by means of a noticed motion without the necessity of filing a new and separate action. The parties to such proceedings will be permitted to submit evidence and memorandums of points and authorities according to the ordinary briefing requirements for a noticed motion as set forth by the Federal Rules of Civil Procedure and this Court's local rules then in effect. The Court shall have discretion to allow live testimony or other evidence in addition to any documentary

evidence or declarations submitted as part of the noticed motion briefings.

8. The Court shall determine whether any of Defendants has violated the terms of this Consent Decree pursuant to this definition. A "violation" shall be defined as the failure to comply with paragraphs 5.a., 5.b., 5.c., or 5.d. above.

**IT IS SO ORDERED.**

Dated this 17 day of June, 2011

_____
HON. AUDREY B. COLLINS
UNITED STATES DISTRICT JUDGE